Alexis Galindo (State Bar No. 136643)
 *agalindo@cgsattys.com*
Maximiliano Galindo (State Bar No. 328187)
 *mgalindo@cgsattys.com*
**CURD GALINDO & SMITH LLP**
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone:  (562) 624-1177
Facsimile:   (562) 624-1178

<u>Attorneys for Plaintiff</u>
FERNANDO CELIS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CELIS Individually,<br><br>　　　Plaintiff,<br><br>　v.<br><br>LASD Sheriff Deputies TY SHELTON #639668 , L. SIMI #619845; A. RIVAS #671064, and Sgt. J. MCNUTT #487900,<br><br>　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES,**<br><br>1. Violation of Civil Rights- Excessive Force (42 U.S.C. § 1983) |

　　　Plaintiff, by and through his attorneys CURD, GALINDO & SMITH LLP, for his Complaint against Defendants, states as follows:

COMPLAINT AND JURY DEMAND　　　　　　　　　　　　　　　　　　　　　1

# JURISDICTION AND VENUE

1. This is a civil rights and negligence action arising from Defendant Los Angeles County Sheriff Deputies TY SHELTON , Sgt J. McNUTT, L. SIMI and A. RIVAS' use of excessive force resulting in the beating and serious bodily injury of FERNANDO CELIS, on July 28, 2023, in Lancaster, County of Los Angeles, California. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

Venue is proper in this Court under 28 USC §1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, which is in the Central District of California.

# PARTIES AND PROCEDURE

2. Plaintiff FERNANDO CELIS brings these claims individually. FERNANDO CELIS is a resident of California and is entitled to bring these claims individually.

3. Non-party, COUNTY OF LOS ANGELES is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the COUNTY OF LOS ANGELES SHERIFF'S

DEPARTMENT ("LASD") which employs the individuals LASD Sheriff Deputies Defendants Shelton, McNutt, Simi and Rivas in this action.

4. Defendants LASD Sheriff Deputies Shelton, McNutt, Simi and Rivas at all material times were employed as law enforcement officers by COUNTY OF LOS ANGELES and were acting within the course and scope of that employment. Defendants Shelton, McNutt, Simi and Rivas are being sued in his/her individual capacity.

5. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, Defendant Sgt. McNutt was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Defendants Shelton, Simi and Rivas.

6. Plaintiff is informed, believes, and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times,

each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harms.

7. The acts and omissions of Defendants Shelton, McNutt, Simi and Rivas as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of the COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT ("LASD").

8. At all material times, each LASD Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

9. This complaint may be pled according to evidence later proven at trial and in the alternative pursuant to FRCivP 8(e)(2).

## PRELIMINARY ALLEGATIONS

10. Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

11. The LOS ANGELES COUNTY Sheriff's Department, through its officers' repeated conduct, has a longstanding history and practice of using excessive force against individuals during arrests and detentions, which has effectively become the Department's standard operating procedure. As of January 1, 2020, over four years ago, the COUNTY OF LOS ANGELES has faced a multitude of lawsuits related to the County's Sheriff Deputies' use of excessive force. The number of incidents and lawsuits involving LOS ANGELES COUNTY Sheriff Deputies' use of excessive force against individuals has since continued to grow. Furthermore, as of

July 2023, the Federal Bureau of Investigation ("FBI") launched a criminal investigation over the Los Angeles County Sheriff's Department's use of force in incidents involving its Sheriff Deputies. The FBI probe includes multiple high-profile incidents that happened between 2021 and 2022, one involving a LASD deputy who punched a mother twice in the face who while she was holding her three-week old child, and another where multiple LASD deputies slammed a woman onto the ground and pepper-sprayed her simply because she was video-recording the arrest of another man. In these two incidents, LASD deputies used force against individuals who were not armed, nor posed an immediate threat to the officer. Between the above referenced incidents and the Incident at issue, LASD deputies have shown a pattern of using excessive force against individuals they know do not pose a threat, and in particular, individuals who will not fight back.

12. On or about July 28, 2023 in Lancaster in the COUNTY OF LOS ANGELES, LASD Sheriff Deputies Defendants Shelton, McNutt, Simi and Rivas, along with other deputies responded to an alleged assault and battery call for service at 839 W. Avenue I.

13. The reporting party, made a call for service to the LASD during the late afternoon hours of July 28, 2023, claiming that Plaintiff CELIS had beaten and robbed him. At the time of the events described herein, CELIS was waiting for a bus on Avenue I. CELIS was sitting on the bus bench and he was drinking beer. He saw

the deputies approach and he thought they were going to arrest him for drinking in public, as a result he ran into an open field.

14. When LASD Deputy arrived at the location they saw CELIS running so they believed him to be the robbery suspect. Deputy SHELTON approached CELIS and located his along a fence line in an open field. LASD Deputy SHELTON yelled commands to raise his hands and place them on his head, which CELIS complied.

15. CELIS complied and raised his hands and placed them on his head. From SHELTON'S position, SHELTON could clearly see CELIS complying with his commends. It is clear that CELIS, was not holding anything in his hands and had his hands above his head.

16. As captured on video, while CELIS had his hands raised above his head, and posing no threat to the Deputy Defendants, the LASD Deputies gave CELIS commands to "keep his hands up" and less than a second later, without warning, Defendant TY SHELTON fired less-lethal rounds at CELIS, striking him in the body.

17. After being struck in the body, CELIS went to the ground and while on the ground writhing in pain with his hands stretched out, Deputy SHELTON fired a second less lethal 40 mm round and struck CELIS in his body again. Next, LASD Deputies handcuffed CELIS and placed in the back of a patrol SUV vehicle. While handcuffed in the patrol vehicle, posing no threat to the Deputy Defendants, deputies L. SIMI #619845 and Deputy A. RIVAS #671064, sprayed OC spray at CELIS'.

18. CELIS asked to speak to a supervisor and the deputies brought over Sgt J. McNutt to the patrol vehicle where CELIS was located. CELIS asked to speak with the sergeant and while attempting to speak to Sgt. McNutt, Sgt. McNutt without justification, punched CELIS is his lower abdominal area and pushed him back into the patrol vehicle. CELIS was taken into custody by LASD Deputies and was treated for the multiple injuries he sustained at Antelope Valley Hospital. The following day, July 29, 2023, after being booked at Los Angeles County Men's Central Jail, CELIS received further treatment for his wounds, which had become infected.

19. Over the next several days, CELIS underwent treatment for the multiple and complicated wounds to his body from the less-lethal rounds, the OC spray and the punch to his stomach.

20. LASD Defendants Shelton, McNutt, Simi and Rivas of the Los Angeles County Sheriff's Department acted while in the course and scope of their employment, and under color of authority as Sheriff Deputies for the COUNTY OF LOS ANGELES, when they used excessive force causing multiple serious bodily injuries to Plaintiff without justification.

21. LASD Defendants Shelton, McNutt, Simi and Rivas, COUNTY OF LOS ANGELES and its employees, violated the Plaintiff's civil rights and constitutional rights, including unlawful search and seizure. LASD Defendants Shelton, McNutt, Simi and Rivas, while in the course and scope of their employment as a Sheriff

Deputies, acted with excessive force when they made or caused to be made unlawful contact with Plaintiff's person without justification.  LASD Defendant SHELTON fired multiple less-lethal rounds at Plaintiff while he was holding his hands up  and again while Plaintiff was on the ground, causing further injuries to Plaintiff's person.  LASD Defendant Sgt. McNutt directed and approved of Defendants' Shelton,  Simi and Rivas use of force against CELIS, while acting as supervisor to Defendants Shelton,  Simi and Rivas.  LASD Defendants Shelton, McNutt, Simi and Rivas  acted unreasonably in light of the facts and circumstances surrounding the contact with Plaintiff on July 28, 2023.

22.     At the time he was beaten, FERNANDO CELIS did not pose a significant or immediate threat of death or serious physical injury to Defendants Shelton, McNutt, Simi and Rivas or to anyone else, as he was unarmed, and holding his hands up or was handcuffed.

23.     At all material times, FERNANDO CELIS behaved peacefully.  The use of force, including the use of force described herein, was not justified or lawful under the circumstances.

24.     Defendants Shelton, McNutt, Simi and Rivas's conduct herein, including but not limited to their decision(s) to seize CELIS, the manner in which they conducted seizure, the failure to communicate with Plaintiff or other witnesses, the use of force, and the other conduct, was contrary to generally accepted reasonable police procedures and tactics, and caused the injuries sustained by CELIS.

25. At all material times Defendants Shelton, McNutt, Simi and Rivas' actions were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable. The actions of Defendants Shelton, McNutt, Simi and Rivas had no legitimate law enforcement purpose other than to sadistically torture Plaintiff CELIS.

26. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

    a. Pain to CELIS's body,
    b. Bruises, lacerations, and
    c. Hospital and medical expenses;
    d. Violation of constitutional rights;
    e. All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, including attorney's fees;
    f. CELIS's conscious pain and suffering, pursuant to federal civil rights law;
    g. Punitive Damages.

**FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure – Excessive Force (42 USC § 1983)**

(PLAINTIFF AGAINST LASD Defendants Shelton, McNutt, Simi and Rivas)

27. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here, and by this reference incorporates the same into each cause of action herein.

28. By the actions and omissions described above in which Defendant SHELTON fired less-lethal rounds at Plaintiff's body while Plaintiff was holding his hands up and while on the ground with his hands out in front of him without justification, all of which was approved and directed by Defendant Sgt. McNutt, Defendants Shelton, McNutt, Simi and Rivas violated 42 USC §1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

   a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

   b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

   c. The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

   d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking force as secured by the Fourteenth Amendment;

   e.

29. Defendants Shelton, McNutt, Simi and Rivas subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

30. As a direct and proximate result of Defendants Shelton, McNutt, Simi and Rivas' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraph 26, above.

31. The conduct of Defendants Shelton, McNutt, Simi and Rivas entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983.

32. Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC §1988.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;

2. For Special damages according to proof;

3. For Exemplary damages as provided by law, in an amount to be proved ONLY against individual LASD Deputy Defendants Does 1 through 10;

4. For Attorney's Fees pursuant to 42 U.S.C § 1988 and costs;

5. For such other and further relief as the Court may deem proper.

DATED: June 30, 2025            **CURD, GALINDO & SMITH, LLP**

*/s/ Maximiliano Galindo*
Alexis Galindo
Maximiliano Galindo
Attorneys for Plaintiff
FERNANDO CELIS

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

| | |
|---|---|
| DATED: June 30, 2025 | **CURD, GALINDO & SMITH, LLP** |
| |   */s/ Maximiliano Galindo* |
| | Alexis Galindo |
| | Maximiliano Galindo |
| | Attorneys for Plaintiff |
| | FERNANDO CELIS |